Estate of Arthur Zellerbach, Deceased, Eula Wright, as administratrix with the will annexed v. Commissioner. Harold L. Zellerbach v. Commissioner. J. D. Zellerbach v. Commissioner. Claire Zellerbach Saroni v. Commissioner. The Anglo California National Bank of San Francisco v. Commissioner.
Estate of Zellerbach v. Commissioner
Docket Nos. 112270, 112267, 112268, 112269, 112271, 112272.
United States Tax Court
1943 Tax Ct. Memo LEXIS 409; 1 T.C.M. (CCH) 743; T.C.M. (RIA) 43116; March 10, 1943
*409 Philip S. Ehrlich, Esq., 2002 Russ Bldg., San Francisco, Calif., and Julien R. Bauer, Esq., for the petitioner. Thomas M. Mather, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: The proceeding in Docket No. 112270, Estate of Arthur Zellerbach, deceased, contests a determination of deficiency in estate tax by the respondent in the amount of $55,889.33. The petitioners in Docket Nos. 112267, 112268 and 112269 are transferees of the estate of Arthur Zellerbach. Each admits that he or she is liable as a transferee for the full amount of the deficiency which may be redetermined against the estate of Arthur Zellerbach, together with interest. The Anglo California National Bank of San Francisco, Docket Nos. 112271 and 112272, contests its liability as a fiduciary for the estate tax claimed to be due from the estate of Arthur Zellerbach. The principal contention of the petitioner in Docket No. 112270 is that the estate has no liability to estate tax since that liability is predicated upon the value of two trust funds created by the decedent in 1923 of which he retained only a life interest in the income without any right to amend or revoke the trusts, *410 which life estate was obliterated by his death. Findings of Fact The petitioner in Docket No. 112270 is the duly qualified and acting administratrix with the will annexed of the estate of Arthur Zellerbach, deceased, with residence in San Francisco, California. The estate filed an estate tax return with the collector of internal revenue at San Francisco, California. The estate tax return showed no gross estate but legal deductions of $121,249.40. The respondent determined that the gross estate consisted of mortgages, notes and cash in the amount of $62.35 and transfers of property made during the decedent's life in the amount of $407,633.70, resulting in a net estate under the Revenue Act of 1926 of $286,446.65 and a net estate under the Revenue Act of 1932 of $346,446.65, and an estate tax liability of $55,889.33. He mailed a notice of such deficiency to the estate of Arthur Zellerbach, deceased, on June 19, 1942. On January 20, 1923, the decedent at San Francisco, California, executed a trust agreement under the terms of which he transferred in trust to his nephews, Harold L. Zellerbach and J. D. Zellerbach, as trustees, 1,122 shares of the common capital stock of Zellerbach *411 Paper Co., a corporation, reserving to himself a life income from the trust. The trust was at that time accepted by the trustees and beneficiaries thereof. The trust instrument contained the following provision: This agreement of trust may be altered, changed, modified, cancelled or terminated at any time by the written consent of the first party [decedent] and the two parties of the second part [Harold L. Zellerbach and J. D. Zellerbach], and without the consent of any other person, firm or corporation. On July 28, 1923, Harold L. Zellerbach, at San Francisco, California, executed a trust agreement under the terms of which he transferred to himself as trustee 300 shares of common capital stock of the Zellerbach Paper Co., a corporation. The trust at that time was accepted by the trustee and the beneficiaries thereof. Although from the terms of the trust instrument it appears that Harold L. Zellerbach was the trustor of the trust and the owner of the 300 shares of common capital stock of Zellerbach Paper Co., the decedent, Arthur Zellerbach, was actually the trustor of the trust and the owner of those shares. The trust instrument provided that the net cash income from the trust *412 should be paid to Arthur Zellerbach: * * * at such times as said first party [trustor] may deem most convenient, so long as second party [Arthur Zellerbach] shall live, and upon the death of second party said trust property, together with any increase thereof by way of stock dividends shall be freed of the trust hereby created and go to and vest in said first party [Harold L. Zellerbach] in his individual capacity absolutely, * * * At the time the above referred to trust instruments were executed section 2280 of the Civil Code of the State of California provided: A trust cannot be revoked by the trustor after its acceptance, actual or presumed, by the trustee and beneficiaries, except by the consent of all the beneficiaries, unless the declaration of trust reserves a power of revocation to the trustor, and in that case the power must be strictly construed. The second trust instrument executed July 28, 1923, contained no provision for the revocation, alternation, modification or amendment of its terms. Arthur Zellerbach died on March 3, 1937, and at all times from the date of the creation of the trust to and including the date of his death was a resident of the city and county *413 of San Francisco, State of California. By substitution of trustees Philip S. Ehrlich became for a time trustee of both of the trusts above referred to and at the time of the death of the decedent The Anglo California National Bank of San Francisco, a banking corporation, was trustee of both of the trusts. It had been made trustee on April 6, 1936. At the date of the decedent's death the corpus of both of the trusts consisted of 2,331.18 shares of Class A preferred stock of Crown Zellerbach Corporation, a corporation, and voting trust certificates representing 6,366.91 shares of the common stock of said Crown Zellerbach Corporation and cash in the amount of $3,176.48. As of March 3, 1938, by reason of the merger of Crown Zellerbach Corporation and Crown Willamette Paper Co., a corporation, the 2,331.18 shares of Class A preferred stock of Crown Zellerbach Corporation were converted into 2,389.27 1/2 shares of the preferred stock and 2,331 shares of the common stock of said Crown Zellerbach Corporation, and said voting trust certificates representing 6,336.91 shares of the common stock of said Crown Zellerbach Corporation were converted into 6,366.91 shares of the common stock of *414 said Crown Zellerbach Corporation, making a total of 2,389.27 1/2 shares of the preferred stock and 8,697.91 shares of the common stock of said Crown Zellerbach Corporation. The fair market value of the above referred to shares of stock was, on March 3, 1937, the date of death of Arthur Zellerbach, $407,696.05. Without including in the gross estate of Arthur Zellerbach the value of any interest which he might have had in the corpora of the two trusts which he created in 1923 his gross estate was of a value of only $62.35. There were no assets that were probated by the court in California in this proceeding except that $62.35. The original executor of the estate of Arthur Zellerbach, Harry I. Stafford, died on March 19, 1938, and there was thereafter no personal representative of the estate until July 29, 1942, when petitioner Eula Wright was appointed administratrix with the will annexed. On or about September 22, 1941, a revenue agent made demand upon The Anglo California National Bank of San Francisco to file an estate tax return on behalf of the estate of Arthur Zellerbach. The bank denied that it was obligated or required to file such return by reason of its position as trustee *415 of said trusts and by further reason of the fact that the gross estate of the decedent did not exceed the sum of $62.35. Upon the insistence of the revenue agent, however, that The Anglo California National Bank of San Francisco file such an estate tax return, one was filed on October 30, 1941, which showed no tax due from or payable by the estate. On September 3, 1940, the petitioners Harold L. Zellerbach and J. D. Zellerbach paid inheritance taxes upon the estate of Arthur Zellerbach to the state of California in the sum of $39,162.71 and interest thereon in the amount of $4,112.09. If the estate tax liability is to be predicated upon the value of the estate one year after date of death, the fair market value of the common capital stock of the Crown Zellerbach Corporation on March 3, 1938, was 10 3/4 and of the preferred stock 70 1/2. Opinion These proceedings were submitted to the Court upon the basis of the pleadings and a stipulation of facts read into the record at the time of the hearing. The respondent stated at the hearing that he was relying upon , to the effect that the opinion of the Supreme Court *416 in , had been overruled by the Supreme Court in its opinion in . There seems to be no question but that the question of the liability to estate tax in the amount determined by the respondent is ruled by the opinion of the Supreme Court in , unless it be that that case has been overruled. Clearly after the creation of the two trusts by Arthur Zellerbach in 1923 the trustor had no right to amend or alter the trusts without the consent of he remaindermen and no such consent was ever given. The only interest which Arthur Zellerbach had in the trusts was the right to receive the income therefrom for life. That interest terminated with his death. No estate passed from the dead to the living under the principle of In , this Court overruled We held in effect that the principle of law enunciated in May v. Heiner must control *417 cases such as the instant proceedings until the Supreme Court has expressly overruled its opinion in that case. There is no estate tax due from the estate of Arthur Zellerbach. This conclusion makes it unnecessary for us to pass upon other questions presented in the consolidated proceedings. Decisions of no deficiency will be entered in Docket No. 112270, and of no liability as transferees or as fiduciary in Docket Nos. 112267, 112268, 112269, 112271 and 112272.